U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL - 3 2018

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CELESTE MONETTE BLAIR, | § | |
| Movant, | § | |
| VS. | § | NO. 4:18-CV-288-A |
| | § | (NO. 4:15-CR-152-A) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Celeste Monette Blair, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the response of United States, the reply, the record, including pertinent parts of the record in Case No. 4:15-CR-152-A, styled "United States of America v. Eric Summers, et al.," and applicable authorities, has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On June 10, 2015, movant was named, along with other defendants, in a one-count indictment charging her with conspiracy to possess with intent to distribute 50 grams or more

of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 14.

On June 30, 2015, Catherine Dunnavant ("Dunnavant"), who had been appointed to represent movant, filed a disclosure of prior representation and motion for judicial determination in which she disclosed that she had previously represented a co-defendant of movant's in connection with a driving while intoxicated-open container ("DWI") case in state court. Specifically, Dunnavant had represented Phillip George Schenck, who was arrested on September 13, 2011, and pleaded guilty on December 19, 2011, to DWI. Dunnavant had no further involvement with Schenck following his plea. CR Doc. 86. The government filed a response to the motion, CR Doc. 91, and the court, by order signed July 9, 2015, ordered that Dunnavant meet with movant to discuss potential problem areas so that movant could make a fully informed decision as to whether she wished Dunnavant to continue to represent her. CR Doc. 98. Movant filed a lengthy response to the court's order in which she expressly waived any potential conflict and requested that Dunnavant continue to represent her. CR Doc. 104. Having considered the response, the court ordered that Dunnavant continue to represent movant as requested. CR Doc. 105.

---

[1]The "CR Doc. __" reference is to the number of the item on the docket of the underlying criminal case.

On August 14, 2015, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. Under oath, movant stated that no one had made any promise or assurance of any kind to induce her to plead guilty. Further, movant stated her understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by her guilty plea; movant was satisfied with her counsel and had no complaints regarding her representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and accurate. CR Doc. 361; CR Doc. 153.

The PSR reflected that movant's base offense level was 38 and added three two-level enhancements for use of a firearm, for importation of methamphetamine from Mexico, and for storing, maintaining and distributing methamphetamine from movant's residence. CR Doc. 196, ¶¶ 57-60. Movant received a three-level adjustment for acceptance of responsibility. Id. ¶¶ 66-67. Based on a total offense level of 41 and a criminal history category of

IV, the guideline imprisonment range was 360 months to life. However, the statutorily authorized maximum sentence was 40 years; therefore, the guideline imprisonment range became 360 months to 480 months. Id. ¶ 134.

Movant filed objections to the PSR, which were addressed by the probation officer in the addendum to the PSR. CR Doc. 222. On January 29, 2016, movant was sentenced at the bottom of the guideline range to a term of imprisonment of 360 months to be followed by a four-year term of supervised release. CR Doc. 308; CR Doc. 362. Movant appealed, CR Doc. 327, and her appeal was dismissed as frivolous. United States v. Blair, 685 F. App'x 342 (5th Cir. 2017).

II.

Grounds of the Motion

Movant urges three grounds in support of her motion, each alleging that movant received ineffective assistance of counsel. Doc.² 1. The grounds and supporting facts are stated as follows:

GROUND ONE: Ineffective Assistance of Pretrial Counsel

Pretrial Counsel Failed to:
(1) Communicate with Blair and inform her of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial;
(2) File any substantive pretrial motions;

---

²The "Doc. __" reference is to the number of the item on the docket in this civil action.

(3) Conduct an adequate and independent pretrial investigation;
(4) Attempt to negotiate a favorable Plea Agreement; and
(5) Submit truthful Disclosure of Prior Representation deprived Blair of effective assistance of pretrial counsel under the Sixth Amendment of the Constitution of the United States.

Doc. 1 at PageID[3] 4.

GROUND TWO: Ineffective Assistance of Sentencing Counsel

Sentencing Counsel Failed to:
(1) Properly discuss and explain the PSR to Blair prior to the sentencing hearing;
(2) File substantive objections to the PSR; and
(3) Argue for mitigation of punishment and object to her sentence being substantively unreasonable deprived Blair of effective assistance of sentencing counsel under the Sixth Amendment, a fair and just sentence.

Id. at PageID 5.

GROUND THREE: Ineffective Assistance of Appellate Counsel

Appellate Counsel Failed to:
(1) Communicate with Blair regarding her direct appeal;
(2) Permit Blair to participate in her direct appeal;
(3) Raise stronger issues, which were available and ripe for disposition, instead of the weak ones filed by her attorney deprived Blair of effective assistance of appellate counsel and a fair and meaningful appellate review.

Id. at PageID 6.

---

[3]The "PageID __" reference is to the page number assigned by the court's electronic filing system. The court is using this reference because the typewritten page numbers on the form filed by movant do not match the actual page number of the document.

III.

Standards of Review

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

7

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

A. Pretrial Assistance

Movant first complains that she received ineffective assistance of counsel at the pretrial stage. She says that Dunnavant failed to adequately advise her so that she could participate in her defense. Twenty pages of her memorandum in support of the motion are devoted to a discussion of this ground. Doc. 2 at 14-34. However, the discussion consists of nothing more than conclusory allegations. For example, movant says that Dunnavant took the position that movant should plead guilty and never really discussed with movant going to trial, other than telling movant that it would be suicidal. Id. at 16. Movant fails to show that had she gone to trial the outcome would have been different. Rather, the record reflects that the outcome might well have been worse, since movant would not have received the

8

reduction for acceptance of responsibility and the government would not have filed its motion for downward departure. CR Doc. 209. As the court noted at sentencing, movant would have faced a life sentence had she been charged with all of her conduct. CR Doc. 362 at 39. The court further notes that movant's apparent contention that she was never really given a choice but to cooperate is belied by her statement at sentencing that she chose to cooperate--in her words, to become a tattletale--because she never wanted to be part of that world again. She wanted to close all of those doors by being "accurate and concise and helpful and honest and forthcoming in every way." Id. at 54.

The contention that Dunnavant was ineffective for having failed to file pretrial motions and conduct additional investigation is likewise unsupported. Counsel is entitled to formulate a strategy and need not pursue an investigation that might be fruitless or harmful to the defense. Trottie v. Stephens, 720 F.3d 231, 242 (5th Cir. 2013). One who alleges failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. Id. at 243; United States v. Green, 882 F.2d 999, 1002-03 (5th Cir. 1989). Here, movant simply gives a laundry list of motions that might have been filed, but does not explain why they were necessary or

might have affected the outcome. The record reflects that Dunnavant had access to reports and interviews as she included them in the objections lodged to the PSR. To the court's knowledge, the government has an open file policy and as a result, discovery motions are rare in this district.

Movant contends that Dunnavant was deficient in failing to negotiate a favorable plea agreement. She appears to believe that all of her co-defendants successfully negotiated plea agreements, Doc. 2 at 26, but that is not the case. Movant has not shown that a plea agreement was or would have been offered, much less that she would have agreed to it. See Weatherford v. Bursey, 429 U.S. 545, 561 (1977)(whether to offer a plea agreement is within the prosecutor's discretion; there is no constitutional right to a plea bargain). Further, movant's contention that she did not have sufficient information to make an informed choice to plead guilty is belied by the record of the rearraignment. CR Doc. 361.

Movant alleges that Dunnavant failed to submit a truthful disclosure of her prior representation of Schenck, but fails to show that Dunnavant labored under any conflict of interest. See Cuyler v. Sullivan, 446 U.S. 335, 348 (1980)(to show a conflict of interest, movant must show that her attorney acted under the influence of an actual conflict and that this conflict adversely affected the representation). Theoretical or speculative conflict

is not enough, but that is all movant can offer.[4] <u>Beets v. Collins</u>, 986 F.2d 1478, 1486 (5th Cir. 1993). She has not pointed to any evidence to establish an actual conflict. <u>See</u> <u>Perillo v. Johnson</u>, 79 F.3d 441, 447 (5th Cir. 1996)(movant must specify instances in the record reflecting that counsel made a choice that helped one client to the detriment of the other).

B.  <u>Assistance at Sentencing</u>

In her second ground, movant argues that she received ineffective assistance of counsel at the sentencing phase because Dunnavant failed to properly explain the PSR, failed to file substantive objections to the PSR, and failed to argue for mitigation of punishment and object to her sentence as being unreasonable. Doc. 2 at 34-44. Once again, her arguments are wholly conclusory and belied by the record.

At sentencing, Dunnavant stated that she and movant had received the PSR and addenda thereto and that she and movant had read and discussed them. CR Doc. 362 at 3-4. Movant never gave any indication that such was not the case. Movant persisted in her objections to the PSR and the court devoted substantial time to hearing testimony related to the objections. <u>Id.</u> at 4-37. Ultimately, movant reached a compromise with the government

---

[4] In fact, movant seems to think that she need only raise "a **possibility** of conflict of interest." Doc. 15 at 7.

11

(agreeing that her base offense level was 36 instead of 38), but the guideline range remained the same. Id. at 38-42. Movant has not shown that she was prejudiced by the compromise.

Objections to the three two-level enhancements would have been fruitless as they are supported by the PSR, which the court adopted. Turner v. Quarterman, 481 F.3d 292, 298 (5th Cir. 2007). According to the PSR, movant and codefendant Summers lived together and were jointly involved in drug trafficking. Summers used and possessed a firearm for protection and his use of the weapon was reasonably foreseeable by movant. United States v. Mergerson, 4 F.3d 337, 350 (5th Cir. 1993). Likewise, the PSR reflected that movant's coconspirators obtained methamphetamine from Mexico. Application of the enhancement was not dependent on movant's knowledge that the drugs were imported. United States v. Serfass, 684 F.3d 548, 550 (5th Cir. 2012). And, the PSR described how methamphetamine was stored, maintained, and distributed from movant's residence. Any objection on these grounds would have been frivolous and might have cost movant her reduction for acceptance of responsibility (as Dunnavant apparently explained to her). Movant further alleges that she was entitled to a four-level reduction for being a minimal participant in the conspiracy, but she offers nothing other than

her conclusory allegation in support of this contention. Doc. 2 at 38; Doc. 15 at 10.

Lastly, movant contends that her counsel should have argued for mitigation of punishment and objected that her sentence was substantively unreasonable. Movant argues that certain other matters should have been taken into account and that her sentence would have been less harsh, but she offers no support. Movant received a sentence within the guidelines, which is presumed to be reasonable. United States v. Mondragon-Santiago, 564 F.3d 357, 367 (5th Cir. 2009). She simply has not shown that she received ineffective assistance with regard to her sentencing.

C. Assistance on Appeal

In her final ground, movant argues that Dunnavant did not communicate with her regarding the appeal, did not allow her to participate in the appeal, and failed to raise stronger issues. Doc. 2 at 44-45. Movant refers to a "plethora of issues which could have been raised on appeal," but she does not provide any specificity. Id. at 45. Movant does not identify any issue that would have had the slightest merit. She simply argues that there is no way her plea could be deemed knowing and voluntary, but this argument is belied by the record of the rearraignment hearing. CR Doc. 361. Movant clearly knew the penalties she faced and made a knowing and voluntary decision to plead guilty. She

had an opportunity to respond to her counsel's motion to withdraw on appeal, but chose not to do so. Her appeal was dismissed as frivolous and she has not shown that she had any legitimate ground that could have been raised and on which she would have prevailed. She has not shown that she received ineffective assistance on appeal. And, in fact, in her reply, she concedes that this ground lacks merit. Doc. 15 at 11.

V.

Order

The court ORDERS that all relief sought by movant in her motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 3, 2018.

_____
JOHN McBRYDE
United States District Judge

14